Argued February 22, affirmed April 11, 1977

Estate of Alda May Thomas Crittenden, Deceased.
CRITTENDEN, *Respondent,*
*v.*
HANNA, *Appellant.*
(No. 4681, CA 6530)
562 P2d 609

L. M. Giovanini, Beaverton, argued the cause and filed the brief for appellant.

Thomas J. Barnett, Portland, argued the cause for respondent. With him on the brief were John T. Lewis and Lewis & Foster, The Dalles, and Nick Chaivoe and Bloom, Chaivoe, Ruben, Marandas & Berg, Portland.

Before Schwab, Chief Judge, and Thornton and Johnson, Judges.

JOHNSON, J.

## JOHNSON, J.

This is an appeal from a dismissal after hearing of a petition challenging respondent's appointment as personal representative and claim as an heir. The deceased died intestate and respondent was appointed personal representative pursuant to ORS 113.085. Petitioner, son of the deceased, alleges that respondent was not the husband of the deceased because the marriage between respondent and the deceased was void, that respondent is not qualified as a personal representative under ORS 113.095 and that respondent is a slayer within the meaning of ORS 112.455 to 112.555.

On August 1, 1975, the deceased, age 81, and respondent, age 55, both Oregon residents, applied for a marriage license and on August 4, 1975 were married in Washington. Thereafter they resided in Oregon until their separation in October 1975. On November 19, 1975, the deceased suffered a heart attack and on November 22 died intestate.

A marriage valid in the state where it is entered is valid in Oregon. *Bridgman v. Stout,* 5 Or App 558, 485 P2d 1101 (1971). Washington law requires a three "full day" waiting period before issuance of a marriage license, RCWA 26.04.180 (1975), and prohibits certain classes or persons from marrying, RCWA 26.04.030 (1975). Petitioner contends that respondent and the deceased did not comply with the waiting period and that respondent was within one or more of the prohibited classes. It is unnecessary for us to consider the evidence on this issue because petitioner's contentions fail as a matter of law. Under Washington law a marriage not in compliance with these statutes is voidable rather than void and cannot be collaterally attacked after the death of either party. *In Re Romano's Estate,* 40 Wash 2d 796, 246 P2d 501 (1952); *In Re Hollingsworth's Estate,* 145 Wash 509, 261 P 403 (1927); *Ex Parte Hollopeter,* 52 Wash 41, 100 P 159, 160 (1909).

■ Petitioner contended in his petition that respondent was not qualified to act as a personal representative under ORS 113.095.[1] During the trial petitioner moved to amend his pleadings to include additional statutory grounds under ORS 113.085[2] and 113.195.[3] Petitioner assigns as error the denial of the motion and further contends that the motion should have been granted at the conclusion of the trial to conform with the proof. He acknowledges that the evidence concerning disqualification under all three statutes was either admitted or is part of the record on appeal.[4] We do not need to reach the question of whether the trial court

[1]The relevant portions of ORS 113.095 provide:

"A person is not qualified to act as personal representative who is:

"(1) An incompetent.

"(2) A minor.

"* * * * *"

[2]The relevant portions of ORS 113.085 provide:

"(1) Except as provided in subsection (2) of this section, upon the filing of the petition, if there is no will or there is a will and it has been proved, the court shall appoint a qualified person it finds *suitable* as personal representative, giving preference in the following order:

"(a) To the executor named in the will.

"(b) To the surviving spouse of the decedent or his nominee.

"(c) To the nearest of kin of the decedent or his nominee.

"* * * * *" (Emphasis supplied.)

[3]The relevant portions of ORS 113.195 provide:

"(1) When a personal representative ceases to be qualified as provided in ORS 113.095, or becomes incapable of discharging his duties, the court shall remove him.

"(2) When a personal representative has been unfaithful to or neglectful of his trust, the court may remove him.

"(3) When a personal representative has failed to comply with ORS 113.092, the court may remove him.

"* * * * *"

[4]Petitioner states in its assignment of error number 3 concerning the denial of the motion to amend: "* * * [D]uring the course of the trial all of the reasons urged for the removal of the personal representative came in without objection and thus an amendment to conform to the proof would and should have been allowed." However, in the next assignment petitioner contends that the trial court erred in not allowing the State Board of Dental Examiners' records on the grounds that they were relevant to the issue of qualifications of the personal representatives. We conclude from petitioner's brief that the record on appeal contains all of the relevant evidence, even though the Board's records were not admitted.

abused its discretion in denying the motions to amend. Viewing the evidence, and any inferences therefrom, most favorably to petitioner indicates that on occasion respondent has been intoxicated and two years ago he voluntarily took hospital treatment for excessive drinking; that he had applied for temporary public welfare, and that his former wife says she may sue him for failure to pay child support. Petitioner also offered certain records of the Oregon State Board of Dental Examiners. The offer was denied. These records merely show that respondent's license to practice was subject to restrictions and contain no evidence concerning respondent's conduct or behavior. There is no evidence that any of the restrictions had been violated. Neither the evidence admitted nor offered by respondent would be grounds for disqualification under the three statutes.

■ Petitioner also contends that respondent is a "slayer," defined by ORS 112.455(2) as "a person who, with felonious intent, takes or procures the taking of the life of another." The evidence fails to show that respondent died of other than natural causes.

Petitioner's other assignments do not warrant discussion.

Affirmed.